UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELVER IVAN SONZA SANCHEZ,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2339

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[1]

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with an expedited individualized bond hearing. (Pet., ECF No. 1, PageID.5.)

In an Order entered on August 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

[1] This opinion and the accompanying judgment resolve this matter in its entirety. Therefore, Petitioner's pending motions seeking emergency relief (ECF No. 3) and for release pending a decision (ECF No. 4) are moot.

should not be granted. (Order, ECF No. 8.) Respondents filed their response and a recording of the June 23, 2026, bond hearing on August 25, 2026. (Resp., ECF No. 9; Recording of Jun. 23, 2026, Bond Hearing, filed on Aug. 25, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Columbia who entered the United States in 2024. Op., *Sonza Sanchez v. The GEO Group, Inc.* (*Sonza Sanchez I*), No. 1:26-cv-1775 (W.D. Mich Jun. 17, 2026) (ECF No. 6). On July 20, 2025, Petitioner was arrested by ICE agents. *Id.*

On June 4, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Sonza Sanchez I*. In *Sonza Sanchez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Sonza Sanchez I*, (W.D. Mich. Jun. 17, 2026), (ECF Nos. 6, 7).

On June 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Immigration Judge Order, *Sonza Sanchez I*, (W.D. Mich. Jun. 26, 2026) (ECF No. 8-1). At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> [Petitioner] has two convictions for violation of a protective order in 2025. [Petitioner] has a removal order (pending appeal before the BIA). The government has met is [sic] burden to show by clear and convincing evidence that [Petitioner] is both a danger to the community and a flight risk to the extent that can not [sic] be mitigated by a bond.

*Id.*

## III. Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on June 23, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that "[t]he government ha[d] met is burden to show by clear and convincing

evidence that [Petitioner] is both a danger to the community and a flight risk to the extent that can not [sic] be mitigated by a bond." Immigration Judge Order, *Sonza Sanchez I*, (W.D. Mich. Jun. 26, 2026) (ECF No. 8-1). In his § 2241 petition, Petitioner does not appear to challenge the outcome of the June 23, 2026, bond hearing. Instead, Petitioner claims that his detention has become unreasonably prolonged and is no longer appropriate given Plaintiff's medical condition, which has resulted in significant knee pain. Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies.

First, with respect to Petitioner's claims concerning his medical condition and care, § 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner's claims "fall outside of the cognizable core of habeas corpus relief," *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006), and should instead be brought as a civil rights complaint. *See Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action").

Second, noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process

challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court. 8 C.F.R. § 1003.19€. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the bond hearing itself violated the Due Process Clause of the Fifth Amendment.[2] Further, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19€. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA or before the Immigration Court, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

---

[2] To the extent that Petitioner claims that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.

For each of the foregoing reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 31, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge